## CITY OF MIAMI BEACH v. EDELL.

Circuit Court, Dade County, Criminal Appeal.

November 29, 1954.

Zarowny, St. Jean & Shepard, Miami, for appellant.

Ben Shepard, city attorney, Wilson C. McGee, of counsel, both of Miami Beach, for appellee.

STANLEY MILLEDGE, Circuit Judge.

This appeal has been submitted on the following "Agreed Statement of Facts"—

> Appellant was arrested Friday, April 30, 1954 at 5:55 P.M. at the Miami Beach police station on a charge of operating a motor vehicle while under the influence of alcohol and, before he was released on bond, trial was set for Monday, May 3, 1954 at 8:30 A.M., in Miami Beach municipal court. Upon convening of court on that day, the clerk announced to all parties having business with the court that requests for continuances would be considered. Appellant, who was sitting in a front row, did not come forward with several others requesting and receiving continuances. In due course, his case was called. Judge Lawrence E. Hoffman read the charges, asked appellant if he understood them and received an affirmative answer. Asked if he wished to plead, appellant pleaded not guilty.

> Trial was then had and at the conclusion of the city's case, appellant then, for the first time, asked for a continuance in order to get an attorney. Judge Hoffman then asked him why he had not applied earlier and he replied that he didn't think it was necessary; that he had understood the case would be dismissed because he had been informed that the man whose original complaint had led to his arrest on an affidavit signed by police officer George Barnes would not appear in court.

> Judge Hoffman denied the request and appellant then voluntarily testified. Appellant was adjudged guilty and sentenced to pay a fine of $150 and costs or 10 days in jail. On May 5, 1954 appellant again appeared in court with counsel and motion was made on the grounds that refusal to grant the request for a continuance had deprived him of his constitutional right under section 11 of the Declaration of Rights, Florida constitution. The motion was denied and this appeal taken in due course.

The right to counsel is a mandatory organic rule of procedure in all criminal prosecutions and a requisite of a fair trial. House v. Mayo (D.C. Fla.), 63 Fed. Supp. 169.

The city concedes this but says that the appellant waived this right by failing to make known his desire for counsel until he had heard the city's case against him. If waiver occurred, this constituted the waiver—for the accused had insufficient time to procure. counsel before trial.

Where the defendant made no request for counsel until a habeas corpus proceeding *after* conviction he was considered to have waived the right, Sneed v. Mayo (Fla.), 66 So. 2d 865, but no case has been found holding that the right had been waived *prior* to conviction.

Because courts indulge every reasonable presumption against a waiver of constitutional rights, Johnson v. Zerbst, 304 U.S. 458, 82 L.ed. 1461, I think the appellant should have a new trial. I do not consider that a general announcement made concerning all cases before the municipal docket commenced, that all those desiring continuances should speak up, constitutes a waiver. It cannot be assumed that laymen understand the language of the courtroom, in the strange surroundings. The conviction is reversed and a new trial granted.